IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAUNA WOODS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLEETPRIDE, INC.<br><br>Defendant. | Case No. 21-cv-1093<br><br>Removed from the State of Illinois, Circuit Court of Cook County, Case No. 2020 CH 07558 |

### NOTICE OF REMOVAL

Defendant FleetPride, Inc. ("FleetPride" or "Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

*The State Court Action*

1. On December 31, 2020, Plaintiff Shauna Woods ("Plaintiff") filed a putative class action complaint in the Circuit Court of Cook County, captioned *Shauna Woods, on behalf of herself and all others similarly situated v. FleetPride, Inc.*, Case No. 2020 CH 07558 (the "Action"). The Complaint alleges that Defendant violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in four different ways. (*See* Exhibit 1, Compl., ¶¶ 14-16, 35-37.)

2. Defendant was served with a copy of the Summons and Complaint on January 26, 2021. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(b), a true and correct copy of all process, pleadings, and orders served upon Defendant,

including a copy of the Summons and Complaint, is attached as **Exhibit 1**. No other processes, pleadings, or orders have been served on Defendant in this matter.

3. This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4. Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "[a]ll individuals who had their fingerprints collected, captured, received, or otherwise obtained, and/or stored, by Defendant in Illinois." (the "Class"). (Ex. 1, Compl., ¶ 25.) Plaintiff asserts that the Class consists of "at least hundreds of persons." (*Id.* ¶ 26.)

5. Plaintiff alleges that Defendant violated her rights and the rights of the Class under BIPA by:

- Failing to obtain written releases from Plaintiff and the Class before it collected, used and stored their biometric identifiers and information, in violation of 740 ILCS 14/15(b)(3);

- Failing to inform Plaintiff and the Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2); and

- Failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and information, in violation of 740 ILCS 14/15(a).

(*See id.*, ¶¶ 14-16, 35-37.)

6. Plaintiff seeks declaratory and injunctive relief, statutory damages on behalf of herself and the Class for each time Defendant violated BIPA, reasonable attorneys' fees and litigation expenses; and pre- and post-judgment interest. (*Id.*, Prayer for Relief.)

*Jurisdiction and Venue*

7. Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8. As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1), because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000.[1]

*Diversity Jurisdiction*

9. The federal courts have original jurisdiction over actions such as this one by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

10. The parties are citizens of different states.

11. Plaintiff is a citizen of Illinois. (Compl., ¶ 7.)

12. Defendant is an Alabama corporation with its principal place of business in Texas. (*See* **Exhibit 2**, Declaration of Jeremy Lancaster ("Lancaster Decl."), ¶¶ 4-5.)

13. For purposes of diversity, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-1 (2010) (a corporation's principal place of business is its "nerve center," typically found at a corporation's headquarters, or the place where its officers direct, control, and coordinate the corporation's activities).

14. Therefore, for the purposes of determining diversity jurisdiction, Defendant is a citizen of Alabama and Texas. Defendant is not a citizen of Illinois.

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

3

15. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of Alabama and Texas.

### Amount in Controversy

16. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if she were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

17. Where a plaintiff provides little information regarding the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). While Defendant denies the validity and merit of all Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint, supplemented by her dates of employment (omitted from her pleadings), establish that more than $75,000 is at controversy in this action.

18. Plaintiff alleges that Defendant violated BIPA when it required her "use her fingerprint to clock in and clock out of work…on a daily basis during her employment." (*See* Compl., ¶ 19.)

4

19. Plaintiff has worked for Defendant since August 2019 at Defendant's Elgin, Illinois facility. (Lancaster Decl., ¶ 7.) During her employment, Plaintiff worked at least 368 shifts. (*Id.*)

20. Plaintiff seeks statutory damages of $1,000 for each violation of BIPA and $5,000 "to the extent committed intentionally or recklessly." (*See* Compl., Prayer for Relief, § C.) If each time Plaintiff clocked in or out over the course of the approximately 368 shifts she worked for Defendant were deemed to be a separate violation of BIPA (a claim that Defendant would strenuously oppose), then the amount in controversy would easily exceed $75,000, regardless of whether statutory damages awarded were $1,000 or $5,000 per violation. At $5,000 per violation, only sixteen violations (eight days) would place $80,000 at issue. Plaintiff alleges she was required to scan her fingerprint to clock in and out of work on "daily basis" during her employment. (Compl., ¶ 19), which is well over eight days of employment, thus exceeding the minimum amount in controversy. Even at $1,000 damages per violation, Plaintiff's approximately 368 shifts worked for Defendant still places the amount in controversy above $75,000.

21. As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

***Compliance With Procedural Requirements***

22. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the complaint on January 26, 2021. *See* **Exhibit 1**.

23. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Shauna Woods, as required by 28 U.S.C. § 1446(d), through her attorneys, Carl Malmstrom, Wolf Haldenstein Adler Freeman & Herz LLC, 111 W. Jackson Boulevard, Suite 1700, Chicago, Illinois 60604 and

5

Frank Hedin and David Hall, Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140, Miami, Florida 33131.

24. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

25. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant FleetPride, Inc. hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: February 24, 2021                                   Respectfully submitted,


                                                           */s/ Orly Henry*

Kwabena Appenteng, ARDC #6294834
*kappenteng@littler.com*
Orly Henry, ARDC #6306153
*ohenry@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312-372-5520

Patricia J. Martin, ARDC #6288389
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314-659-2000

*Attorneys for Defendant FleetPride, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2021, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system and served upon the following via email:

Carl Malmstrom
*malmstrom@whafh.com*
Wolf Haldenstein Adler Freeman & Herz LLC
111 W. Jackson Boulevard, Suite 1700
Chicago, Illinois 60604

Frank Hedin
*fhedin@hedinhall.com*
David Hall
*dhall@hedinhall.com*
Hedin Hall LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131

                                                  */s/ Orly Henry*
                                                  One of Defendant's Attorneys