IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHAUNA WOODS**, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**FLEETPRIDE, INC.**<br>　　　　Defendant. | Case No.: 1:21-cv-1093<br><br>Judge Edward E. Chang<br>Magistrate Judge Jeffery T. Gilbert |

**PLAINTIFF'S MOTION FOR SEVERANCE AND PARTIAL REMAND**

Plaintiff Shauna Woods, individually and on behalf of all others similarly situated, hereby moves to sever and remand back to state court her claim against Fleetpride, Inc. ("Defendant") for violation of Section 15(a) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*

**BACKGROUND**

This action concerns Defendant's nonconsensual collection, use, and retention of its employees' biometric data in violation of BIPA. The Complaint alleges claims for two distinct violations of the statute. First, that Defendant violated section 15(b) of BIPA by collecting, storing, and using Plaintiff's and the Class members' biometric information without first obtaining the requisite signed written release. (Compl. ¶¶ 35-36.) Second, that Defendant violated section 15(a) of BIPA by failing to "publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members[.]" (Compl. ¶ 37.)

Plaintiff filed this action in the Circuit Court of Cook County, Illinois, Chancery Division, and Defendant removed the entire case to this Court on February 24, 2021. (ECF No. 1.) However, as explained below, this Court lacks subject matter jurisdiction over Plaintiff's section 15(a) claim pursuant to controlling Seventh Circuit precedent. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). Accordingly, that claim must be severed and remanded to state court.

**ARGUMENT**

Before a federal court can adjudicate the merits of a case, it must satisfy itself that it has jurisdiction over the claims and parties that appear before it. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). A federal court has subject matter jurisdiction only if the plaintiff has alleged suffering a concrete and particularized injury capable of satisfying the injury-in-fact component of Article III's standing doctrine. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

In *Bryant*, an appeal from an order of the Northern District of Illinois remanding a BIPA action, the Seventh Circuit affirmed the district court's remand of the plaintiff's claims under section 15(a), which alleged that the defendant had failed to "develop[] a 'written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information[.]" *Bryant*, 958 F. 3d at 626. The Seventh Circuit held that unlike bare violations of section 15(b) claims, a violation of section 15(a)'s publication requirement does not manifest the "particularized" harm necessary to satisfy the injury-in-fact prong of Article III of the U.S. Constitution. *Id.* The Seventh Circuit explained as follows:

> Bryant's claim under section 15(a) is a separate matter. Importantly, Bryant alleged only a claim under the provision of that section requiring development of a "written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric

> information,'' not under the provision requiring compliance with the established retention schedule and destruction guidelines. Our analysis is thus limited to the theory she invoked. Section 15(a) obligates private entities that collect biometric information to make publicly available a data retention schedule and guidelines for permanently destroying collected biometric identifiers and information. In contrast to the obligations set forth under section 15(b), the duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects. This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a). We conclude that Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a). She therefore lacks standing under Article III to pursue that claim in federal court.

*Id.* at 626.

Like the plaintiff in *Bryant*, Ms. Woods also alleges a section 15(a) claim arising from the Defendant's failure to publish the requisite biometric data retention schedule and destruction guidelines – not under the provision requiring compliance with the established retention schedule and destruction guidelines (which would have been impossible since, as Ms. Woods pled, Fleetpride never had any such schedules in the first place). *See* Compl. ¶ 13 ("Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA."); *id*. ¶ 16 ("In direct violation of § 15(a) of BIPA, Defendant does not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information."); *id*. ¶ 37 ("The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute."). Indeed, nowhere in Ms. Woods's Complaint has she averred that Fleetpride violated Section 15(a) by failing to destroy her biometrics in accordance with the requisite destruction policy.

3

Thus, the Court lacks subject-matter jurisdiction over Ms. Woods's Section 15(a) claim for the same reason jurisdiction was lacking over the plaintiff's section 15(a) claim in *Bryant*. Accordingly, Ms. Woods's Section 15(a) claim must be severed from the rest of the case and remanded back to state court. *See, e.g., Marquez v. Google, LLC*, 1:20-cv-04454, DE 18, (N.D. Ill. Oct. 27, 2020) (remanding Plaintiff's 15(a) claim upon finding that "Nowhere does the Complaint address compliance with mandated BIPA §15(a) policies or deletion requirements."); *Figueroa v. Kronos Inc.*, No. 19 C 1306, 2020 WL 4273995 (N.D. Ill. July 24, 2020) (section 15(a) claim that mirrored the section 15(a) claim alleged in both *Bryant* and this case "severed under Civil Rule 21 from the rest of the suit and remanded to state court," with court retaining jurisdiction over the remainder of the case); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 3:20-CV-00046-MAB, 2020 WL 4815960 (S.D. Ill. Aug. 19, 2020) (same); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150 (N.D. Ill. Sept. 3, 2020) (same); *Figueroa*, 2020 WL 4273995, at *5 (same); *see also* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party.").

## CONCLUSION

The jurisdictional question presented in this motion is controlled by *Bryant*. Under *Bryant,* the Court lacks subject-matter jurisdiction over Plaintiff's Section 15(a) claim and, consequently, that claim must be severed and remanded back to the state court from which it came. *See Bryant*, 958 F.3d at 626.

Dated: May 5, 2021                                             Respectfully submitted,

/s/   Carl V. Malmstrom

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604

4

Tel: (312) 391-5059
Fax: (212) 686-0114
malmstrom@whafh.com

*Local Counsel for Plaintiff and the Putative Class*

**HEDIN HALL LLP**
Frank S. Hedin*
Arun G. Ravindran*
1395 Brickell Avenue, Ste 1140
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801
E-mail: fhedin@hedinhall.com
      aravindran@hedinhall.com

*Pro Hac Vice Application Forthcoming

*Counsel for Plaintiff and the Putative Class*